**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANDREA STEINMANN DOWNS, <br><br> Debtor, <br><br> ------------------------------ <br><br> NORIO, INC., <br><br> Appellant, <br><br> v. <br><br> THOMAS H. CASEY, Chapter 7 Trustee, <br><br> Appellee. | No. 19-60067 <br><br> BAP No. 19-1160 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Spraker, and Gan, Bankruptcy Judges, Presiding

Submitted January 15, 2021**
Pasadena, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,*** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Judge.

Appellant Norio, Inc. ("Norio") appeals from the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's order rejecting Norio's argument that its $50,000 claim should have been treated as a secured claim. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

We first address the argument of Appellee Thomas Casey, the Chapter 7 Trustee ("Trustee"), that this appeal should be dismissed as equitably moot because the membership interests at issue have been sold. In the bankruptcy context, "[e]quitable mootness occurs when a comprehensive change of circumstances has occurred so as to render it inequitable for this court to consider the merits of the appeal." *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (quotation marks omitted). "The question is whether the case present[s] transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply." *Id.* (alteration in original) (quotation marks omitted). Here, the Trustee has not met its "heavy burden" of establishing mootness. *Id.* The sales of the membership interests at issue need not be unwound because they yielded approximately $193,750 for the Estate, which is more than enough to cover Norio's $50,000 claim. Because meaningful relief for Norio is still possible using the sale proceeds, the appeal is not moot.

Norio makes two arguments on appeal. First, Norio contends Andrea

2

Downs could pledge the membership interests as collateral because Downs

Holdings, Inc. ("Downs Holdings"), the investment vehicle she co-owned with her

ex-husband Tim, which originally owned the interests, had been dissolved.  We

disagree.  Although Andrea and Tim elected in 2012 to dissolve Downs Holdings,

they never took the steps necessary to achieve the dissolution.  They never filed a

certificate of election to dissolve or a certificate of dissolution with the California

Secretary of State, nor did they file a final tax return.  *See* Cal. Corp. Code

§§ 1901, 1905(a).  The pair also failed to transfer ownership of the membership

interests held by Downs Holdings.  Indeed, when the two tried to transfer the

interests into their own names but encountered administrative hurdles due to

transfer restrictions in the applicable membership agreements, it appears they

abandoned their plans to dissolve the entity.  Downs Holdings remained the legal

owner of the membership interests at issue, as reflected in the Schedule K-1s

issued to the entity annually, notwithstanding the signed resolution to dissolve the

entity.  Thus, Downs Holdings continued to function as it always had—as an

investment vehicle that held membership interests and passed along distributions to

its two equal shareholders—until the purported pledge of the interests to Norio.

Accordingly, the membership interests were not Andrea's to pledge when she

received the loan from Norio.

Second, and in the alternative, Norio claims that the Trustee should be

estopped from arguing that Andrea did not own the membership interests, given that the Trustee has, at other times in the proceeding, treated the interests as owned by Andrea.[1]  This argument fails for the simple reason that the Trustee has not taken inconsistent positions.  *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (explaining that "a party's later position must be clearly inconsistent with its earlier position" for judicial estoppel to apply (quotation marks omitted)).  Rather, the Trustee has consistently claimed that Downs Holdings, not Andrea, was the legal owner of the membership interests, even when the Trustee moved to sell the membership interests for the benefit of the Estate.  We therefore reject Norio's argument that the Trustee should be estopped from arguing that the membership interests were not Andrea's to pledge.

**AFFIRMED.**

---

[1] The Trustee contends that we should reject Norio's estoppel argument because it was raised for the first time on appeal.  Because a "court invokes judicial estoppel at its discretion," we choose to entertain Norio's estoppel argument, notwithstanding Norio's failure to raise it below.  *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 1001 (9th Cir. 2014).